UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VAN BLARCOM CLOSURES, INC.,

                        Plaintiff,

        -against-

OWENS-ILLINOIS, INC.,

                        Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CV 1993 (RJD) (SMG)

DEARIE, Chief Judge.

      Plaintiff Van Blarcom Closures, Inc. sues defendant Owens-Illinois, Inc. for infringement of U.S. Patent No. 5,579,934, a convertible child-proof cap. The parties have stipulated to the construction of the claim language. Plaintiff now moves for summary judgment under the doctrine of equivalents. Defendant cross-moves for summary judgment of non-infringement based on the doctrine of vitiation and also seeks additional discovery under Federal Rule of Civil Procedure 56(f). The central issue in these motions is whether defendant's child-proof closure, which contains abutments on the cover wall of its outer cap, infringes plaintiff's patent, claim 1 of which specifies that abutments are located on the side wall of the outer cap.

      The Court referred the motions to Magistrate Judge Steven M. Gold for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On November 6, 2006, Magistrate Judge Gold recommended that defendant's motion for summary judgment be granted because a finding of infringement under the doctrine of equivalents would vitiate the claim limitation requiring that the abutments be located on the side as opposed to the cover wall of the outer cap. In addition, Magistrate Judge Gold recommended that the other motions be denied as moot. On

November 30, 2006, plaintiff filed objections to the Report, and defendant responded on December 22, 2006. After reviewing the record de novo, the Court adopts Magistrate Judge Gold's recommendation in its entirety and without qualification.

Plaintiff's lengthy objections revisit arguments raised in prior filings and at oral argument. Magistrate Judge Gold's well-considered Report treats these arguments in a comprehensive manner. Plaintiff also cites Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 469 F.3d 1005 (Fed. Cir. 2006), a decision that post-dates Magistrate Judge Gold's Report, to support its argument that Magistrate Judge Gold should have focused narrowly on the distance separating the position of the side wall abutments provided for by plaintiff's patent from the position of the cover wall abutments in defendant's device. However, nothing in Depuy Spine mandates that a vitiation analysis must center on the factual similarity of the claimed element and the accused element to the exclusion of other factors relied on by courts in vitiation cases, including the simplicity of the device, the clarity and specificity of the claim language, the forseeability of variations at the time the claim was filed, and whether the difference between the claimed element and the accused element is one of kind or merely of degree. See Freedman Seating Co. v. American Seating Co., 420 F.3d 1350, 1359-62 (Fed. Cir. 2005) (discussing the "totality of the circumstances" approach and the above factors). While the Depuy Spine court stated that the evidence presented in certain cases may be insufficient to permit a finding of equivalence, the court also affirmed that in other cases a patentee's "theory of equivalence" may be "legally insufficient because, rather than demonstrate an insubstantial difference between a limitation and an element in the accused device, the theory effectively eliminate[s] a limitation in its entirety." 469 F.3d at 1017. The Federal Circuit reiterated this principle once again as

recently as January 5, 2007 in <u>Abbott Laboratories v. Andrx Pharmaceuticals, Inc.</u>, 473 F.3d 1196, 1212 (Fed. Cir. 2007). Here, Magistrate Judge Gold found that plaintiff's proffered theory of equivalence was legally insufficient because it entirely removed the limitation of side wall abutments from claim 1 of plaintiff's patent. This finding is consistent with Federal Circuit precedent.

Upon <u>de novo</u> review, the Court thus agrees with Magistrate Judge Gold's recommendation that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment and defendant's request to take additional discovery be denied as moot. Plaintiff's infringement claim is dismissed.


SO ORDERED.
Dated: Brooklyn, New York
      August 24, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge